*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 2, 2014                518585
_____

In the Matter of the Claim of
    GERALDINE KNOTT,
                    Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Peters, P.J., Stein, Rose, Lynch and Devine, JJ.

_____


        Geraldine Knott, Levittown, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City (Dawn
A. Foshee of counsel), for Commissioner of Labor, respondent.


_____


        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed December 17, 2013, which denied claimant's
application to reopen a prior decision.

        In October 2012, the Department of Labor issued an initial
determination which found claimant disqualified from receiving
unemployment insurance benefits on the basis that she had left
her employment without good cause and charged her with a
recoverable overpayment of $1,538.  Claimant immediately
requested a hearing, but failed to appear in November 2012, after
which the initial determination was sustained.  Claimant
subsequently received a collection letter in September 2013 for
the overpayment, after which she sought a hearing to reopen her
claim.  Following the hearing, the Unemployment Insurance Appeal
Board ultimately denied her application to reopen finding, among
other things, that she did not apply to reopen her claim in a
reasonable amount of time.  Claimant now appeals.

    We affirm.  The decision as to whether to grant an application to reopen a claim will not be disturbed absent an abuse of the Board's sound discretion (see Matter of Tavares [Commissioner of Labor], 118 AD3d 1243, 1244 [2014]; Matter of Barto [Commissioner of Labor], 110 AD3d 1418, 1419 [2013]). Here, claimant testified that the delay in requesting a reopening occurred because her life was too busy to "backtrack" to her unemployment claim.  Because claimant demonstrated that she had no intention of seeking to reopen the claim until she unexpectedly received the September 2013 letter, we do not find that the Board abused its discretion in denying her application (see Matter of Becker [Commissioner of Labor], 108 AD3d 930, 931 [2013]; Matter of McCauley [Commissioner of Labor], 104 AD3d 973, 973 [2013]).

    Peters, P.J., Stein, Rose, Lynch and Devine, JJ., concur.

    ORDERED that the decision is affirmed, without costs.

            ENTER:

            Robert D. Mayberger
            Clerk of the Court